Good morning. We'll call the first case for the morning, which is Nicole Ehrheart, John J. Garland v. Verizon Wireless, et al. Mr. Lynch. Good morning, Your Honors. May it please the Court, my name is Gary Lynch. I represent the appellants in this case. Your Honor, the briefs in this case... You wish to reserve time? Yes, I'd like to reserve five minutes, Your Honor. Very well, granted. The briefs have crystallized the issue for appeal in this case. The parties seem to agree that there was a settlement agreement subject only to a single condition subsequent, that being the approval by the District Court. Subject only to a single, that's a pretty major single condition in a class action. Yes, yes it is, Your Honor. But that leaves us with a singular issue for this appeal, and that is what is the role of a District Court in the specific context where the cause of action for the plaintiffs has been effectively eliminated after a settlement has been achieved through a statutory amendment. And I would focus the Court on one single sentence in the District Court's opinion that I'd like to focus on today, and that is where the District Court indicates, I cannot proceed under Federal Rule of Civil Procedure 23 in such a manner as to find that the proposed settlement is fair, adequate, and reasonable when the statutory basis for the claims has been eliminated. What page of the opinion is that? That is page seven of the appendix, the last page of the District Court's order vacating the settlement. Well, what's wrong with that statement? Well, the first thing I would indicate to the Court is that I think the review based on that statement is plenary. I think that the Court, in making that statement, is picking out a principle of law. She's not necessarily performing her role under Rule 23 so much as she's defining it. And I think that's a question of law. What is plenary? What's our standard of review? I think that you look to this on a de novo basis. What's the correct applicable standard in this context? When does the review of a class action settlement or the Court's to review on anything other than abuse of discretion? I think it does in the context where the Court, prior to engaging in the review, actually is defining the parameters of the review. And I think that's what she's saying here. She's making essentially a choice of law. She's choosing the law. She's rejected the class action. She hasn't done any of the analysis that the Rule 23 requires. She's simply saying, all right, how does a lack of analysis change what ought to be the standard of review? Once again, Your Honor, I think the distinction is between defining the role and performing the role under Rule 23. I think here she's defining the role. That's the selection of a legal precept, and I think this Court can review that on a de novo basis. If we agree with you that the standard is plenary, that the district courts – in other words, if we agree that the basis for the district court's decision was that she misinterpreted what the Clarification Act did, where was her misinterpretation? Her misinterpretation is in applying a much broader standard to the Rule 23 settlement analysis. The purpose of Rule 23 is to protect – But doesn't that get us back – if you're arguing Rule 23, doesn't that get us back to a different standard of review? No. My whole argument today, Your Honor, will be based upon Rule 23. I think it's in challenging her interpretation of Rule 23, not her application. Let's go back a second. What do you say the Clarification Act did to your case? The Clarification Act did nothing to my case other than enhance my ability to represent to the district court, pursuant to Rule 23, that the settlement is fair, adequate, and reasonable, because in comparison to their ability to win the case, their settlement looks pretty good in light of the fact that the Clarification Act essentially eliminated their cause of action. The import of your position is, as I take it, that the district court had no choice but to approve the agreement and therefore approve the settlement. That's not an exercise of discretion at all. That was a deterministic course that was set by virtue of the agreement between the class and the district court had no choice. Isn't that what you're saying? That is not the appellant's position at all, Your Honor. Our position is that she needed to engage in the analysis required by Federal Rule 23, albeit we would make the strong argument at the fairness hearing that our position to argue that the settlement is fair, adequate, and reasonable has been heightened by the fact that this Clarification Act had been passed in the interim, making our settlement look very good in comparison to the prospects of the merits. I don't think that that necessitates a conclusion that she was required to approve the settlement, but it's certainly a factor that changed her position. Then she had the discretion not to, ergo, our standard review here is abuse of discretion. She certainly, if she performed the analysis, would have discretion to evaluate the factors and perform those functions required by Rule 23, and then the review of that ultimate outcome would be an abuse of discretion. So how did she not perform the analysis? We never got that. Are you suggesting that there should have been a full-fledged fairness hearing? Absolutely, Your Honor. And I think that at that hearing, she needed to apply Rule 23 in the proper manner. And I think when she does not do that, when she misinterprets the rule, I think the appellate court's role is on a de novo basis to look and see if the proper legal precept has been selected by the district court. She was, once again, not performing her analysis under Rule 23. She was defining her analysis. So it's not to belabor the point, even under an abuse of discretion standard, given what Rule 23 requires, that is protection of absent class members, it was an abuse of discretion not to continue on with the fairness hearing, to have a full-fledged hearing on what the different requirements are that are set forth under the various interpretations of Rule 23, and to evaluate the settlement on that basis. The fact that the clarification act was passed enhances the ability for the plaintiff and the defendant to jointly get the settlement approved. With all respect, the district court has it 100% backwards. It didn't pull the rug out from the case. It enhanced the ability to get the settlement approved. Once the settlement was reached, the subsequent change in the law only has one purpose, and that is to evaluate the chances of success if the case did not settle and proceeded to litigation. And the reason I can say that, Your Honor, is that I would point the court to Rule 23 itself. The defendant, I believe, makes much of the fact that there's more required by Rule 23 than simply protection of the absent class members. But if you look in Rule 23 under the section that talks about the fairness, I mean, adequacy and reasonableness standard, it is, in fact, limited at the outset to absent class members. The actual language is, if the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate. That, to me, is a strong indication of what the purpose of the evaluation is. They're worried about protecting absent class members. Only class members. They're the only ones whose interests are to be considered for purposes of the ultimate determination of fair, adequate, and reasonable. Is that what you're saying? Yes, Your Honor, because everybody else is represented by counsel. There's no reason to have court evaluation of the settlement. Court does not evaluate settlements on individual parties when they enter into settlement agreements. The only reason this mechanism is in place under Rule 23 is because of the existence of absent class members. That's the whole point. And that's indicated at first, at the outset, by the language itself, as well as the various opinions that this court has held over the years. I mean, this court has said on occasion, there's been other attempts by defendants to broaden this standard to allow evaluation by the court for other interests, other interested parties. And it's never worked. So, I mean, I base that 100% on the language of the rule itself, as well as the case law that we cited in the brief. Mr. Lynch, do you agree that if you had not entered into this settlement, at the time the Clarification Act passed, that your clients would have been out of court? Yes. Now, there's a question under the law as to whether or not a negligence claim could be sustained. I don't know that we have the evidence of negligence. It certainly didn't happen on a class basis, I don't think. But generally speaking, for purposes of our appeal and purposes of this argument, that is our contention, that this Clarification Act effectively eliminated the cause of action. But the most important point to make here, Your Honor, is that occurred after the parties who were well aware of the pending legislation negotiated a resolution of the case in compromise of the potential for that law to be passed. And so once that's done, the actual passing of the Clarification Act is of no consequence. All that's left is an evaluation of the settlement under Rule 23. And if the passing of the Clarification Act has any consequence, once again, it would be to embellish plaintiff's ability to argue that the settlement is fair, adequate, and reasonable on behalf of the absent class members, because they wouldn't have a case. What is the sine qua non of finality for purposes of the settlement? The word final is used in the Clarification Act. And district court makes much of the fact that this case is not final. We concede. Because of the district court's role in approval, right? It's not final because, that's right, there were still things to be done in the case. But we don't contest her conclusion that the Clarification Act, because this case was not final, would be applicable to this case. It was still pending in court. It was not final yet. The problem is it's of no effect in this case because there's a settlement that's been reached. So everybody trips over the word final, but we're not contesting whether or not it's final. I mean, the case is not final. If the case was actually final, Your Honor, I'd be home in bed this morning. It's clearly not final. We're still litigating. But the application of the act is of no consequence. Thank you. We'll have you back, Your Honor. Thank you. Mr. Carbon. May it please the Court, Michael Carbon for Verizon Wireless. Mr. Lynch has focused the Court on exactly what the issue is. Can a district court enter an order binding on litigants and punishable through contempt if it is at war with the statute purportedly being enforced? The Clarification Act was not some simple repeal or a law that lapsed of its own accord. Congress made explicit findings. It focused like a laser on these kinds of cases. It said they were abusive lawsuits that harm consumers, might well drive up the cost to consumers without any benefit at all. It went a step further. It said if the case is not final, if it's still pending, even if it's been filed before this act was enacted, you must dismiss it unless the statutory requirements are done. So the appellants are asking you to accept the absurd position. But the Clarification Act, to clarify this a second, the Clarification Act did not eliminate all lawsuits under FACTA. No, that's fair enough, Your Honor. It eliminated their cause of action. There's two kinds of lawsuits. It eliminated the underlying cause of action. It actually eliminated the grounds that were asserted in this lawsuit. Right. Congress made a determination. There was certainly obviously a lot of meritorious FACTA lawsuits out there. The kind that they made a mistake on that they thought were not meritorious was when all the merchant did was print the expiration date and there was no actual damages. And they said as to that subset of cases, they are harmful. But you had to show willfulness. Right, which they conceded the printing of the expiration date was not. Why does that change by Congress in the Clarification Act mean that the District Court had to fold a tent on this suit when you had already entered into an agreement? Oh, because the District Court, as a condition of making our contractual obligation to pay attorney's fees and give the phone cards to the class, had to find that it was fair, reasonable, and adequate under Rule 23. And why would the settlement that had been negotiated before the passage, the final passage of the Clarification Act, not be fair, adequate, and reasonable? Because it wasn't reasonable for the judiciary to enforce a statute that Congress has now not only repealed. Why would they be enforcing a statute? Wouldn't they be approving a settlement that had been entered into voluntarily? No, no. If this was a private settlement, Mr. Lynch is entirely right. If this was between Verizon Wireless and them, that's just a contract, and courts don't care about contracts. We can make bad deals all the time. Isn't that perhaps what you did here is you made a bad deal three months before the Clarification Act was passed? We might well have. And if this had become final, we would have been stuck with that. But the court had to enter into a role, which is not simply to say, you guys made a bad contract. The court had to exercise its coercive power, just like under a consent decree. And this court has made it quite clear in both Georgievich and Sendin that you don't just look at the fairness to the defendant and the class. You look at external factors. For example, in Georgievich, they looked at the abstention issue and the defense. But you agreed there that Georgievich was a consent decree case. Well, it was a Rule 23. But it was a consent decree. Well, Sendin was pure Rule 23. It was a consent decree. No, I don't believe in Sendin. Georgievich was. Georgievich was. This is not a consent decree. No, but. This was an agreement. Right. But as Rule 23 makes clear, the very language that. Don't all the cases you cite look prospectively? No. Sendin, for example, was purely a Rule 23 class action. And they said you need to look at the effects on third party. And when analyzing the effects on the third party, they looked at the particulars of the Reform Act in that case to see if it complied with the statute. But, Your Honor, I will purely accept your notion of prospective versus retroactive. We are saying here, if you want to adopt the consent decree analogy and look at it prospectively, could parties come to a court and say the statute's been repealed, but go ahead and enter a consent decree where in the future you need to take an act? That's what they're asking this court to do.  They are asking the court in the future to exercise its coercive judicial power over parties. And because it's coercive judicial power, obviously it needs to look at whether or not there's any authority for the judiciary to take the act. Mr. Lynch points to the language of Rule 23. He said in circumstances where class actions are bound, the court needs to look at whether it's fair, reasonable, and adequate. Now, why did the framers of Rule 23 say that? Because if courts are binding people, they need to have the statutory authority to do it, to be clear. Well, let me step back. Because I would like to return to the role of the district judge, something that Mr. Lynch began referring to generally, but did not develop in quite the way I thought he might. I teach a law school course on class actions. Issues have generated more discussion and controversy than what we and some other courts of appeals have said about the role of the district judge in a settlement class. And that is, we've gone so far as to impose upon the district judge the role of fiduciary of the class. You would agree with that? I believe that the reason that Rule 23 was... So that we have taken the unusual step of, in declaring fiduciary status, imposed apparently fiduciary duties that run perhaps not only in one direction, but consistent with fiduciary duty, impose some kind of special obligation on a district judge to look out for the interests of the settlement class. Now, how does it look out after the interests of the settlement class to reject a settlement which clearly will be unavailable to this class given the change in the law? Your Honor, if the exclusive duty was to look out for the class interests, I think that argument would make a lot of sense. You have to hang your hat entirely on, and I'm not saying that this is wrong, but your focus has got to be then entirely on that language from the rule about fair, adequate, and reasonable, and that that means more than just looking narrowly at the interests of the class. For three reasons. Number one, it says fair, reasonable, and adequate. It doesn't say fair, reasonable, and adequate to the class. So you need to amend the statute to add language. Number two, you need to make the word reasonable utterly superfluous. If it was fair and adequate to the class, then by... Let me stop you. We all know that the whole concern about fairness in settlements is a concern over collusion between class counsel and the defendants. So it's the class plaintiffs, it's the interests of the class that have given rise to this fiduciary obligation and the whole issue of fairness. I completely agree, Your Honor. That's what gave rise to the reason that the courts are going to exercise the analysis. But in Georgievich, it was harmful to the class. The en banc court said you need to take away the class settlement. It had nothing to do with the class. It deprived them of the very relief they wanted. Why? Because of respect to state courts. In Sendon, after quoting precisely the language you've just said, which is we are looking at the interests of the class, it said, of course, since you're exercising your equitable discretion, you also need to look at the impact on third parties, not the class. Well, if you can look at abstention issues and effect on third party, general equitable considerations, it would seem to me to follow a fortiori, you can look at whether or not there's any basis in the law for this settlement at all. If you used your classic abuse of discretion analysis under Prudential, et cetera, one of the factors is can the class establish liability? That's one of the nine factors. Now, the appellants would have you argue if it is impossible to establish liability, the class is in a better position than if they had a meritorious case. If they took a law from Sweden or state court that federal courts had no jurisdiction over it and, therefore, the class had absolutely no chance of prevailing, you should put that in the plus column for settlement. I would argue that that's not only counterintuitive but a complete evisceration of the language of the statute as well as of the proper judicial role. If Congress has told the courts we made a mistake, this law has been misinterpreted to apply to this situation, it would seem to me not only that courts are required to but certainly authorized to say, no, that's not the kind of action that we would think would be fair, reasonable, and adequate. And I would think it would be a serious mistake for this court to put handcuffs on district courts and tell them that they can only look at fairness to the class, that they are, in essence, an ethics counselor for class counsel solely and must ignore all other bases including their very jurisdiction to decide it. Let me ask again. Is reasonableness the focus here? I would argue that adequacy clearly and consistent with other provisions within Rule 23 is aimed at the class. Wouldn't you agree with that? Of course. And I want to go further, Your Honor. I want to agree that the only reason courts are looking at these settlements is because of the interest of absent class members. But when the judiciary is given a certain role that it must analyze a settlement, the genesis of that is to look at absent class members. But they also have an inherent responsibility to say, do I have the authority to enter an order that's binding in contempt? What if Verizon decided to violate it? They would be holding us in contempt, exercising their contempt powers, without any statutory authority. Now, the reason the courts are involved in these settlements is because they're simply not private contracts between two individuals. But once they have that role, just like in a consent decree, which, after all, is simply a contract between the government and whomever, they need to say, but is there some statutory basis for this? And, again, I don't think this is my argument being made. I think that this court considered this issue very carefully in the Georgievich, and it said, quite explicitly, even if both parties agree to the settlement, the court has an independent obligation and responsibility under Rule 23 to make sure that, in that circumstance, they weren't trenching on the powers of the state judiciary. And in this circumstance, where they've committed a mistake, that Congress has gone out of its way. Congress said in the Clarification Act, if you have one of these cases pending on your docket, get rid of it. We think it's a bad idea. Where did it say that? Well, it said, to be precise, if the court were to look at Joint Appendix 17 and 18, in the Clarification Act, it said, these actions are abusive lawsuits that could well raise the prices to consumers without corresponding consumer protection benefits. The purpose of this is to limit abusive lawsuits that do not protect consumers but only increase costs to business and potentially increase prices to consumers. And then it said in B, the amendment made by Subsection A shall apply to any action, other than any action which has become final, that is brought for violation of the Fair Credit Act, without regard to whether such action is brought before you. But it doesn't say what you said. It doesn't say get rid of the lawsuit. No. You assured me. I certainly was. And I didn't mean to suggest that. That was my point. Let me ask you one. I understand your position on the Clarification Act. But let's suppose that whether it be this settlement or any other settlement, same posture, there was an intervening decision by the Supreme Court that was contrary to what you thought the law was the time you entered into the class action settlement. Would you be in the same posture? If it was a purely bilateral settlement, my understanding of the way those things work is you dismiss the case and the court takes no further steps. If the court is never going to touch the settlement again, then there's no issue arising as to the change in the law. If, in the consent decree context or the Rule 23 context, the court has an inexorable and essential role to play, which is approval and exercise of judicial discretion, absolutely. If the law has changed prior to the court exercising its judicial power, it absolutely must follow the law. You could not, for example, come to a court and say, we're entering a consent decree under one view of Title VII, but the Supreme Court has clarified in the interim that this is a completely wrong-headed view and, indeed, violates the rights of non-minorities. So you would say, then, that any time the intervening law changed, the tentative settlement that was before the court would have to be rejected. I want to focus on the word tentative. If it's final, that's our bad luck. I understand that. I don't think there's any disagreement. Right, and I think that's the entire part of this case. Judge Ambrose was faced with the obligation to exercise her independent judgment, which this court has consistently emphasized, her independent judgment as to whether or not this was fair, reasonable, and adequate. We in the Plaintiffs' Council had worked out our particular interests, but she had to look at a broader perspective. And in looking at the broader perspective, I would say it would be counterproductive and contrary to law to say that she could only look at the interests of those clients. And were reviewing pursuant to an abusive discretionary standard. Yes, under Georgievich, for example, which was a purely legal question of this abstention issue, the court was quite clear it's still an abusive discretion standard. And, again, even if you applied the nine factors under Gersh, one of those standards is could they establish liability. We would argue that's a minus, not as they would argue applies. Okay, but even if it's a minus, it doesn't eliminate the analysis. One minus doesn't knock you out. I don't need to argue that Judge Ambrose was obliged to do what she did. I do think she was obliged to do what she did, but I can certainly argue that she did not abuse her discretion by saying, if there's no law here, I have the discretion not to enforce a settlement that is in conflict with what the statute says. Unless there are any further questions. Thank you. Rebuttal, Mr. Lynch? Once we accept the proposition that the district court sits as a fiduciary of the absent plaintiff class under Rule 23, especially with the evaluation of the settlement, in this case the settlement that we entered into, it does not necessarily follow that they can use the phrase adequate, reasonable, and fair, and specifically the word reasonable, to protect the defendant. A fiduciary of the absent plaintiff class can't wear two hats at the same time. Any time that there is a settlement entered into and it's going to be There is oftentimes changes in the law that occur, not necessarily statutory, but through case interpretation of statutes and whatnot. And someone's ability or the plaintiff's ability to succeed on the merits changes somewhat as a result of those subsequent changes in law that occur after a settlement agreement is entered into. As those changes occur, the district court, if it's acting as a fiduciary of the plaintiffs, has to assess the amount of relief that was obtained for the class versus the chances of success if the case continued to be litigated. How can the court at the same time And those chances of success are what? They're 100%. Oh, they're zero. Wow, they're zero. So I've already had other cases, Your Honor. So you now are arguing that she really has no choice but to approve the agreement and make it final. Well, that's only one factor under the standards, under the GERS standards. That's only one factor, the chances of success. On that factor, absolutely. If she was to say the only factor I'm relying on is the change in the ability to succeed on the merits, then she would be 100% wrong. And, in fact, that's what she said here. That's what the district court is saying here. The only factor she is looking at is the change in the underlying liability, the cause of action. But she's got it 100% backwards. Her role was to look at it out for the class and weigh the benefits that were being received by the class members against the chances of success going forward. How can she, as the defendant is suggesting, simultaneously with performing her role as the fiduciary of the absent class, put on another hat and say, what about from the perspective of the defendant? Their situation got worse. Or, I'm sorry, got better as a result of the change. Maybe I shouldn't approve the settlement because they have a better defense now. She can't do both at the same time. It's just a continuum. Albeit, in this case, the continuum is all the way to the end, meaning the cause of action has been eliminated. But the changes in the law just represent a continuum of success on the liability phase of the case if it would proceed to a trial. And once again, the only analysis that the court does in that context is on behalf of the absent class members as a fiduciary. And I don't see how. And I know my opposing counsel used the word a fortiori. I don't see how it necessarily follows. I don't see how a court can do both things at the same time because they're analyzing the same exact event, and that is the change in the law. The change either benefits the plaintiff or benefits the defendant. In this case, it benefited the defendant. That simply lends itself to an analysis by the district court as to whether or not the amount of relief obtained was good for this class. And I think, as I said, because the cause of action is being eliminated, it makes the relief look good. Georgievich very quickly dealt with Pullman abstention. That has nothing to do with Rule 23. There certainly are exterior variables and exterior factors outside of the Rule 23 analysis that can cause a court to have to stand down and not proceed with litigation. Abstention is one of them. I mean, I don't think that lends itself to any interpretation of Rule 23 or the court's role under Rule 23. So I would argue that Georgievich, at least for that proposition, is of no consequence in this case. Would your argument be different if the change, the fact that the change in the law had enhanced your client's ability to recover larger amounts? And she, under Rule 23, disapproved that settlement? I suspect that if my ability to win on behalf of the plaintiffs was greatly elevated as a result of the subsequent change, I would suspect that I would still be stuck with what I think the proposition is, and that is a deal's a deal. I think that the evaluation probably is best made at the time of settlement, not with regard to the subsequent changes in the law. I don't think it would be very fair. And I think this leads me to my last point, Your Honors, and that is the public policy that's behind this whole thing. I mean, there's a policy in favor of ADR. There's a policy in favor of working these cases out through this type of mediation process. What value would it have in a class context to sit down and spend all the time and money of working the case out through mediation and then preparing the paperwork necessary to put the case through the evaluation process required by Rule 23 and have the court act as the fiduciary of the absent class members if the court could sit as some grand arbiter and evaluate subsequent changes in the law as it impacted the cause of action for the plaintiffs? Either way. Either way, in this case, like I said, it greatly elevated the way our case looks from the perspective of the plaintiffs and whether the settlement was good for them. But I think it's unfair either way to look at it after the fact. Thank you, Your Honor. Thank you very much. Thank you, counsel. It's an interesting case. We thank you for your helpful arguments and we'll take it under advisement.